People v Ventre (2022 NY Slip Op 04106)

People v Ventre

2022 NY Slip Op 04106

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Manzanet-Daniels, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 

Ind. No. 1292/18 Appeal No. 16188 Case No. 2019-03944 

[*1]The People of the State of New York, Respondent,
v
Daniel Ventre, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Carola M. Beeney of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Emily N. Gault of counsel), for respondent.

Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered August 16, 2019, convicting defendant, after a jury trial, of criminal mischief in the second degree, and sentencing him to a term of one year, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence supports the conclusion that defendant damaged two hospital computers in an amount exceeding $1,500 (see People v Garcia, 29 AD3d 255, 263 [1st Dept 2006], lv denied 7 NY3d 789 [2006]). The People presented evidence that the computers had been purchased two months prior and were working prior to defendant's smashing them to the floor. Further, photographs of the damaged computers and a document provided by the hospital's computer technicians, who assessed the damage and performed the repairs internally established that the cost of the damage exceeded the statutory threshold.
The court providently exercised its discretion in redacting from the medical records defendant's statements regarding his general consumption of alcohol. As the court noted, the types and quantities of alcohol defendant habitually drank were not relevant to his defense of intoxication and did not establish his level of intoxication when he damaged the computers. Defendant, however, was allowed to present evidence about the specific types and amounts of alcohol he consumed on the day of the incident. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022